```
James P. Cooper III (SBN 125412)
Attorney at Law
5777 W. Century Boulevard, Suite 750
Los Angeles, CA 90045
(310) 642-8800
(310) 642-9903 (Fax)
Email Address: trialanimal@sbcglobal.net

Attorney for Defendant Gary Garcia
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: CR 2:11-CR-492-GAF |
| Plaintiff, | DEFENDANT GARY GARCIA'S SUPPLEMENTAL SENTENCING MEMORANDUM; POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| SANTIAGO RIOS, ET AL., | |
| GARY GARCIA –DEF. NO. 24 | Date: December 17, 2012 Time: 1:30 p.m. Place: Courtroom 740 |
| Defendant(s). | HONORABLE GARY A. FEESS |

TO THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, AND ANDRÉ BIROTTE, UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA AND/OR HIS AUTHORIZED REPRESENTATIVES:

Defendant Gary Garcia (hereafter "Garcia") hereby submits this supplemental sentencing memorandum as a response to the Government's Sentencing Position.

This pleading is based on this notice, the points and authorities in support thereof, the pleadings and other papers

GARY GARCIA - SUPPLEMENTAL SENTENCING MEMORANDUM

1

in the court file, and on such other oral and documentary evidence that may be presented at the hearing.

December 13, 2012   Respectfully submitted,

*James P. Cooper III /s/*
James P. Cooper III
Attorney for Defendant Gary Garcia

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**THE COURT SHOULD DEPART DOWNWARD FOR THE**

**TIME GARCIA SPENT IN STATE CUSTODY ON RELEVANT CONDUCT**

Garcia was transferred to federal custody from state custody on July 14, 2011. At the time of Garcia's initial appearance on this matter, he was serving a state prison sentence related to Los Angeles Superior Court Case No. KA091495. In the KA091495 case, on January 21, 2011, the court had imposed a prison sentence of sixteen months imprisonment.[1] The KA091495 case stemmed from unlawful conduct that Garcia committed on or about November 3, 2009; and this conduct was conduct that the government had alleged as relevant conduct to the instant offense.

For situations such as Garcia's, where one has already completed a prison term for conduct that is related to the instant offense, the United States Sentencing Guidelines provide a basis for the court to depart downward to achieve a reasonable, fairer, and more appropriate punishment. According to U.S.S.G. §5k2.23, "[a] downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 would have

---

[1] According to the Pre-Sentence Report ("PSR"), Garcia was placed on parole to the state authorities on September 26, 2011.

GARY GARCIA - SUPPLEMENTAL SENTENCING MEMORANDUM

3

provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.  Any such departure should be fashioned to achieve a reasonable punishment for the instant offense."

Due to the KA091495 case, Garcia has been in custody since January 21, 2011.  Based on the date of when the state placed Garcia on parole, Garcia contends that he completed his state prison sentence on September 26, 2011.  Since the KA091495 case is for conduct that is related to the instant federal offense, U.S.S.G. §5G1.3[2] suggests that a downward adjustment of the federal prison sentence is appropriate.

In its Sentencing Position, the Government contends that it does not recommend a downward departure on the basis of §5G1.3 because Garcia did not receive criminal history points for the prior conviction.  Although U.S.S.G. § 4A1.2(a) excludes prior convictions for offenses related to the instant offense, there is nothing in the Guidelines that prohibits the court from departing downward on the basis of §5K2.23 simply because §4A1.2(a) excludes the prior conviction from the criminal

---

[2] According to U.S.S.G. § 5G1.3(b), "(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

history calculation. Accordingly, Garcia moves this court to depart downward and impose a sentence that takes into consideration the time that Garcia spent in state prison for the KA091495 case.

In addition to the above-stated contentions, Garcia contends that the court should depart downward because Garcia contends he should not receive a de facto sentence enhancement penalty because the government did not file the instant case until nearly 18 months after Garcia's criminal conduct on November 3, 2009 (and about one year after the state prosecutors filed the state case against Garcia).[3]  The delay in the filing of the indictment prevented Garcia from obtaining a federal sentence that would have been concurrent with the state prison sentence.

//

//

//

//

//

//

//

---

[3] Garcia is not suggesting that the government time the filing of the indictment to obtain an advantage or to penalize any particular defendant.

**CONCLUSION**

For all of the aforementioned reasons stated in this supplemental sentencing memorandum, as well as the reasons stated in the initial sentencing memorandum, Garcia respectfully moves this court to impose a sentence that does not exceed thirty-six months.

December 13, 2012          Respectfully submitted,


                           *James P. Cooper III /s/*
                           JAMES P. COOPER III
                           Attorney for Defendant Gary Garcia